ALEXANDER B. CVITAN (SBN 81746),
(Email: alc@rac-law.com)
MARSHA M. HAMASAKI (SBN 102720), and
(Email: marshah@rac-law.com)
PETER A. HUTCHINSON (SBN 225399), Members of
(Email: peterh@rac-law.com)
REICH, ADELL & CVITAN, A Professional Law Corporation
3550 Wilshire Boulevard, Suite 2000
Los Angeles, California 90010-2421
Telephone: (213) 386-3860; Facsimile: (213) 386-5583

Attorneys for Plaintiff Construction Laborers Trust Funds for Southern California Administrative Company, LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BLACK DIAMOND CONTRACTING GROUP, INC., a California corporation also known as and doing business as BLACK DIAMOND and/or BLACK DIAMOND DEMOLITION; DAVID WILLIAM ARRIGHI, an individual; STATE NATIONAL INSURANCE COMPANY, INC., a Texas corporation,<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT FOR:<br><br>1) CONTRIBUTIONS TO EMPLOYEE BENEFIT PLANS;<br>2) FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF;<br>3) BREACH OF FIDUCIARY DUTY;<br>4) BREACH OF SETTLEMENT AGREEMENT; and<br>5) RECOVERY AGAINST LICENSE BOND<br><br>[29 U.S.C. §§ 185, 1109, 1132 & 1145, 28 U.S.C. § 1367(a)] |

PLAINTIFF, CONSTRUCTION LABORERS TRUST FUNDS FOR

SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited

liability company, ("CLTF") alleges:

/ / /

-1-

317486.1

# INTRODUCTION

1. This action is brought by a fiduciary administrator on behalf of employee benefit plans to collect contributions due such plans in accordance with the terms and conditions of the plans, the collective bargaining agreement between the employer and a labor organization, and pursuant to statutes, as well as for breach of fiduciary duty to the plans. This action will further seek a preliminary and permanent injunction against the employer to compel compliance with the reporting requirements of the agreements, and will seek recovery against the employer's license bond surety for a portion of the contributions owed pursuant to State law.

# JURISDICTION AND VENUE

2. The jurisdiction of this Court is grounded upon Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, Section 301 of the Labor Management Relations Act ("LMRA"). This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the Fourth through Fifth claims arising under California law, as all claims arise from a common core of transactions, and seek payment of overlapping damages. Venue is proper in this district in that the employee benefit plans are administered and breach took place within this district.

# PARTIES

3. Plaintiff is the administrator and agent and assignee for collection of several employee benefit plans, and a fiduciary as to those plans including the Laborers Health And Welfare Trust Fund For Southern California, Construction Laborers Pension Trust For Southern California, Construction Laborers Vacation Trust For Southern California, Laborers Training And Re-Training Trust Fund For Southern California, Fund For Construction Industry Advancement, Center For Contract Compliance, Laborers Contract Administration Trust Fund For Southern

317486.1

1  California, Laborers' Trusts Administrative Trust Fund For Southern California, and
2  Southern California Partnership For Jobs Trust Fund (hereinafter collectively Plaintiff
3  or "TRUST FUNDS"). Each are express trusts and were created by written
4  agreements and are employee benefit plans within the meaning of ERISA § 3(3), 29
5  U.S.C. § 1002(3), and multi-employer plans within the meaning of ERISA § 3(37)(A),
6  29 U.S.C. § 1002(27)(A). The TRUST FUNDS exist pursuant to LMRA § 302, 29
7  U.S.C. § 186, and ERISA. The Plaintiff and TRUST FUNDS' principal places of
8  business are in the County of Los Angeles, State of California.

9  4.  Plaintiff is informed and believes and thereon alleges that Defendant,
10 BLACK DIAMOND CONTRACTING GROUP, INC., also known as and doing
11 business as BLACK DIAMOND and/or BLACK DIAMOND DEMOLITION;
12 (hereinafter referred to as "EMPLOYER") is a California corporation organized and
13 existing under and by virtue of the laws of the State of California and is authorized to
14 engage in business in the State of California with its principal place of business in the
15 City of Garden Grove, County of Orange, State of California.

16 5.  Plaintiff is informed and believes and thereon alleges that Defendant,
17 DAVID WILLIAM ARRIGHI (hereinafter referred to as "ARRIGHI") is the Chief
18 Executive Officer, President, Responsible Managing Officer, authorized
19 representative, principal, and/or beneficial owner of EMPLOYER and was and/or still
20 is engaged in business in the City of Garden Grove, County of Orange, State of
21 California, and resides within this district.

22 6.  Plaintiff is informed and believes and thereupon alleges that Defendant,
23 STATE NATIONAL INSURANCE COMPANY (hereinafter referred to as "STATE
24 NATIONAL") is a Texas corporation, licensed and authorized to perform and transact
25 a surety business in the State of California, with its principal place of business in the
26 City of Bedford, State of Texas.

27                              INDIVIDUAL DEFENDANT
28 7.  Plaintiff is informed and believes and thereon alleges that at all times

material herein, that ARRIGHI was and/or continues to be fiduciary and/or party in interest to the TRUST FUNDS as defined in 29 U.S.C. §§ 1002(14), and 1002(21)(A), for the reasons more fully described below and in the Third Claim for Relief.

8. Plaintiff is informed and believes and thereon alleges that ARRIGHI is responsible for running the day to day operations of EMPLOYER and is responsible for decisions pertaining to the reporting and payment of contributions to the TRUST FUNDS, and that he personally maintained control of those funds which should have been turned over to the TRUST FUNDS.

9. Plaintiff is informed and believes and thereon alleges that at all times herein, ARRIGHI is a majority shareholder of EMPLOYER and/or the beneficial owner of EMPLOYER.

10. Plaintiff is informed and believes and thereon alleges that ARRIGHI acted on behalf of and in the interest of EMPLOYER in all aspects of labor relations and in EMPLOYER'S dealings and relations with the TRUST FUNDS, and the UNION.

11. Plaintiff is informed and believes and thereon alleges that ARRIGHI acted on behalf of EMPLOYER and in the interest of EMPLOYER in determining which employees EMPLOYER would report to the TRUST FUNDS, the number of hours upon which contributions would be reported as owing, and the amount and timing of contributions.

## FIRST CLAIM FOR RELIEF
### CONTRIBUTIONS OWED TO THE TRUST FUNDS
### (AGAINST EMPLOYER)

12. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 to 11 above as if fully set forth.

/ / /

317486.1

**[AGREEMENTS]**

13. At all times material herein, EMPLOYER has been and is now a party to written Collective Bargaining Agreements with the UNION having executed said Agreements on or about January 25, 2016.

14. Pursuant to the Collective Bargaining Agreements, EMPLOYER became obligated to all the terms and conditions of the various Trust Agreements which created each of the TRUST FUNDS as they may be constituted in their original form or as they may be subsequently amended. The Collective Bargaining Agreements and Trust Agreements will be collectively referred to as "AGREEMENTS".

15. The AGREEMENTS obligate EMPLOYER to pay fringe benefit contributions at the rates set forth in the AGREEMENTS for each hour worked (or paid for) by employees performing services covered by the AGREEMENTS.

16. The EMPLOYER is additionally required to submit monthly reports ("Monthly Reports") with these contributions detailing the name, address, social security number and hours worked that month for each employee covered by the AGREEMENTS. The TRUST FUNDS depend on the truth and accuracy of this information, in order to not only determine the correct amount of contributions due, but to fulfill their own fiduciary duties to properly credit participants towards the benefits provided by the TRUST FUNDS. Those contributions constitute assets of the TRUST FUNDS, pursuant to the terms of the AGREEMENTS and applicable law, from the time they are due and can be reasonably segregated from other funds. The Trustees of the TRUST FUNDS have a fiduciary duty to marshal those assets so that they may be applied for the benefit of the participants and beneficiaries in accordance with the various Trust Agreements.

17. By the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(C), EMPLOYER is obligated to pay to the TRUST FUNDS, as and for liquidated damages for detriment caused by the failure of EMPLOYER to pay fringe benefit contributions in a timely manner, a sum equal to $25.00 or twenty percent (20%) of

317486.1

the unpaid contributions and interest on the unpaid contributions at rates established pursuant to the AGREEMENTS from their respective due dates, whichever is the greater amount, for each of the TRUST FUNDS to which EMPLOYER is required to contribute.

18. By the terms of the AGREEMENTS, liquidated damages shall be paid for each delinquent report even though a delinquent report shall show no contribution due; and shall be paid in addition to the liquidated damages and interest due on any contributions pertaining to the report.

19. By the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(B), EMPLOYER is obligated for payment of interest on delinquent contributions from the due date of the contribution through the payment date of the contribution, at the per annum rate of five percent (5%) over the rate set by the Federal Reserve Board at San Francisco, California, effective on the date each contribution is due.

20. The AGREEMENTS obligate EMPLOYER, and any of its subcontractors or lower-tiered subcontractors, to subcontract work covered under the Agreements to those subcontractors who are parties to Collective Bargaining Agreements with the UNION, and failure to do so will result in damages to the TRUST FUNDS and EMPLOYER will be financially obligated to the TRUST FUNDS for the damages caused therefrom, including amounts measured by the fringe benefit contributions, liquidated damages, and interest that would be owed by the subcontractor if signatory to the AGREEMENT.

21. The AGREEMENTS further provide that if EMPLOYER subcontracts work to and/or if its subcontractor(s) or lower-tiered subcontractors, subcontracts work covered under the AGREEMENTS to any subcontractor who is delinquent in its obligations to the TRUST FUNDS under its AGREEMENTS, then EMPLOYER will be financially obligated to the TRUST FUNDS for the amounts owed by said delinquent subcontractor, including any fringe benefits, liquidated damages and interest owed.

317486.1

22. The AGREEMENTS provide the TRUST FUNDS with specific authority to examine and copy all of EMPLOYER'S payroll and business records which may be pertinent to determining whether EMPLOYER has reported all hours worked (or paid for) by employees who perform services covered under the AGREEMENTS and has paid the appropriate fringe benefit contributions to the TRUST FUNDS, and that the EMPLOYER shall be responsible for the costs of such audit.

### [BREACH OF AGREEMENTS]

23. Plaintiff is informed and believes and based on such information and belief alleges that EMPLOYER employed workers who performed services covered by the AGREEMENTS and failed to pay the rates specified in the AGREEMENTS to TRUST FUNDS on behalf of those workers for each hour worked (or paid for) by employees performing services covered by the AGREEMENTS. Due to EMPLOYER'S continuing monthly reporting and payment obligations under the AGREEMENTS, additional amounts may be discovered and may become due and owing by EMPLOYER which cannot ascertained at this time. Said amounts will be established by proof at the trial or other hearing.

24. All conditions to EMPLOYER'S obligations to make payments under the AGREEMENTS have been met.

### [DAMAGES]

25. As a result of EMPLOYER'S failure to pay the rates specified in the AGREEMENTS, there is now owing and unpaid to the TRUST FUNDS from EMPLOYER, during the period from February 2016 to March 31, 2017, damages in the sum of at least $22,709.62 consisting of $13,506.57 in unpaid fringe benefit contributions, $4,121.56 in liquidated damages, $4,800.00 in audit fees, and $281.49 in interest on the late and/or unpaid fringe benefit contributions owed to the TRUST FUNDS through April 25, 2017, plus additional accrued interest at the plan rate(s), currently 6.5% per annum until payment of the contribution is made, plus any additional fringe benefits, liquidated damages, audit fees and interest on the additional

317486.1

amounts owed at the plan rate(s) according to proof at the time of trial or other hearing.

26. The failure of the EMPLOYER to pay contributions when due causes harm to the TRUST FUNDS and its participants, which is impractical to accurately quantify. This may include the cost of collecting the contributions from the EMPLOYER or third parties (not including the costs of this litigation), the cost of special processing to restore benefit credits because of late contributions, the temporary loss of insurance coverage by employees (even if later restored) and medical harm to participants and beneficiaries who may have foregone medical care when notified that medical insurance ceased because of their employer's failure to pay contributions. The liquidated damages provision of the AGREEMENTS was meant to compensate for this unquantifiable loss, and is based on the ratio of collection costs over amounts collected, regularly reported to the Trustees. The Trustees of the TRUST FUNDS have the authority, in their discretion, to waive all or part of these liquidated damages. In this case, they have exercised their discretion by declining to waive any liquidated damages.

27. It has been necessary for the TRUST FUNDS to engage counsel to bring this action to compel compliance with the AGREEMENTS which provide that in the event litigation is necessary with respect to any of the fringe benefit contributions and/or damages against EMPLOYER, then EMPLOYER would pay reasonable attorney's fees and all other reasonable expenses of collection, including audit fees.

28. Under Sections 515 and 502(g) of ERISA, EMPLOYER is liable to the TRUST FUNDS not only for the amount of delinquent contributions but also (a) for pre-judgment and post-judgment interest on the delinquent sums (as provided for in Section 502(g) of ERISA); (b) for the higher of interest or liquidated damages (as provided for in Section 502(g) of ERISA); (c) for attorneys' fees; and (d) for other relief permitted by Section 502(g) of ERISA.

/ / /

317486.1

# SECOND CLAIM FOR RELIEF
# FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF
# (AGAINST EMPLOYER AND ARRIGHI)

29. TRUST FUNDS repeat, reallege, and incorporate by reference each and every allegation contained in paragraphs 1 through 28, inclusive as though fully set forth herein.

30. As part of its obligations under the AGREEMENTS, EMPLOYER is required to submit monthly reports to the TRUST FUNDS indicating the names, social security numbers and number of hours worked by each laborer it employed. EMPLOYER is required to pay to the TRUST FUNDS, at the time the report is submitted, an amount equal to the total number of laborers hours worked (or paid for), multiplied by the applicable fringe benefit contribution rates.

31. EMPLOYER has failed to comply with the provisions of the AGREEMENTS as follows: during time periods from February 2016 through March 2017 EMPLOYER failed to submit all contribution reports required to be submitted under the AGREEMENTS with payment of the amounts owed and during these time periods the audits of EMPLOYER'S records disclosed additional hours worked by employees which were required to be reported and contributions paid to the TRUST FUNDS for those hours worked. Further, the TRUST FUNDS have a judgment entered against ARRIGHI as a sole proprietor and BLACK DIAMOND CONTRACTORS, INC., a prior ARRIGHI company relating to this failure to report all hours worked (or paid for) by its employees for which contributions are due and payable to the TRUST FUNDS, and but for the audits of the prior company's records as well as the EMPLOYER'S records, the monthly contributions owed would not have been discovered by the TRUST FUNDS. ARRIGHI through EMPLOYER, his former companies continues the practice of failing to timely report and pay all contributions due under the AGREEMENTS.

317486.1

32. By reason of EMPLOYER'S and ARRIGHI'S actions, the TRUST FUNDS have suffered and will continue to suffer extreme hardship and actual and impending irreparable injury and damage in that employee beneficiaries of the TRUST FUNDS acquire eligibility for health and welfare benefits and pension benefits by tabulating the number of hours reported by EMPLOYER and all contributing employers during each monthly period. The funds necessary to pay all anticipated health and welfare claims and pension claims based upon the number of hours reported to the TRUST FUNDS on behalf of individual employees. In addition, the amount of benefits payable to all employees for health and welfare and pension claims is actuarially determined on the basis of funds projected to be received from contributing employers. The submission of monthly report forms from EMPLOYER without the required payments necessarily contributes to the total potential liability of the TRUST FUNDS for health and welfare and pension claims without the TRUST FUNDS being able to readjust or recompute benefit levels based upon EMPLOYER'S failure to pay contributions on a monthly basis.

33. Sections 502(a)(3) and 502(g)(2)(E) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2)(E), specifically authorizes this Court to enter injunctive relief for such violations of the plan and ERISA. Injunctive relief is appropriate here to require the EMPLOYER to fulfill its obligations under the AGREEMENTS and ERISA.

34. It has been necessary for Plaintiff to engage counsel to bring this action to compel compliance with the AGREEMENTS provide that in the event litigation is necessary with respect to any of the fringe benefit contributions and/or damages, EMPLOYER would pay reasonable attorneys' fees and all other reasonable expenses of collection, including audit fees.

/ / /

/ / /

/ / /

/ / /

# THIRD CLAIM FOR RELIEF
# DAMAGES FOR BREACH OF FIDUCIARY DUTIES
# IN VIOLATION OF ERISA
# (AGAINST EMPLOYER AND ARRIGHI)

35. Plaintiff repeats and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 34 above.

36. Plaintiff is informed and believes and thereon alleges that ARRIGHI was and still is a party in interest, the agent, managing officer, director, managing employee, and/or beneficial owner of EMPLOYER with the authority to direct, control, and/or manage the business affairs of EMPLOYER including the disposition of EMPLOYER'S assets.

37. Plaintiff is informed and believes and thereon allege that EMPLOYER and ARRIGHI was and still is a fiduciary with respect to the TRUST FUNDS within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), in that he exercised discretionary authority or control respecting management or disposition of assets of the TRUST FUNDS.

38. The AGREEMENTS require that EMPLOYER deduct monthly contributions due to the CONSTRUCTION LABORERS VACATION TRUST FUND FOR SOUTHERN CALIFORNIA ("VACATION FUND") from EMPLOYER'S employees' weekly paychecks, in the amounts specified. Such deductions are "amounts that a participant has withheld from his wages by an employer, for contribution" to the TRUST FUNDS, which thus become assets of the TRUST FUNDS within the meaning of 29 C.F.R. § 2510.3-102, "as of the earliest date on which such contributions . . . can reasonably be segregated from the employer's general assets."

39. On "public works" as defined by California Labor Code § 1720, the EMPLOYER was required to pay a minimum "prevailing" or "per diem" wage,

including amounts which could either be paid directly on the weekly paycheck to employees, or contributed as "employer payments" (as defined in Labor Code § 1773.1) which includes payments to the TRUST FUNDS. The EMPLOYER employed workers on such public works, also covered by the AGREEMENTS, and certified under penalty of perjury (pursuant to Labor Code § 1776) that a portion of the required prevailing wage due such employees would be withheld from their per diem weekly wage and instead contributed to the TRUST FUNDS, in satisfaction of the prevailing wage required law. The U.S. Department of Labor has taken the position that such amounts are "amounts that a participant has withheld from his wages by an employer, for contribution" to the TRUST FUNDS, which become assets of the TRUST FUNDS within the meaning of 29 C.F.R. § 2510.3-102, "as of the earliest date on which such contributions . . . can reasonably be segregated from the employer's general assets."

40. Plaintiff is informed and believes that, instead of turning over the portions of the prevailing wage the EMPLOYER certified was to be paid to the TRUST FUNDS from employees' weekly paychecks, that the EMPLOYER and/or ARRIGHI kept those amounts for their own use, and did not segregate or turn them over to the TRUST FUNDS.

41. Plaintiff is informed and believes that ARRIGHI is the person responsible for preparing and issuing certified payroll reports to public agencies under Labor Code § 1776, and responsible for the certification that such amounts would be paid to the TRUST FUNDS as part of the prevailing wage obligation. Plaintiff is further informed and believes that ARRIGHI had discretionary authority or control over sufficient, segregable funds to pay the amounts certified under penalty of perjury, that would be withheld from employees' weekly wages for contribution to the TRUST FUNDS in order to meet prevailing wage obligations, including the authority to write checks on the accounts in which such funds were held, but instead kept them for his own use, or for the use of the EMPLOYER.

317486.1

42. By his discretionary authority or control over the management or disposition of assets of the TRUST FUNDS, specifically to VACATION FUND as well as the fringe benefit component of prevailing wages on public works, described above, EMPLOYER and ARRIGHI are fiduciaries of the TRUST FUNDS within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

43. The amount of the delinquent monthly contributions referenced herein above were and still are due and owing to the TRUST FUNDS and are assets of the TRUST FUNDS within the meaning 29 U.S.C. §§ 1001-1003, 1021-1031, 1111-1114 and 18 U.S.C. § 664. The amounts will be proven at the time of trial or other hearing, plus interest at the plan rate(s).

44. By failing to timely account for and turn over the assets of the TRUST FUNDS described above, by failing to apply such assets for the exclusive benefit of participants and beneficiaries of the TRUST FUNDS, and instead using those assets for their own benefit, EMPLOYER and ARRIGHI breached their fiduciary duties to the TRUST FUNDS within the meaning of sections 404(a)(1)(A), (B) and (D), of ERISA, 29 U.S.C. §§ 1104(a)(1)(A), (B) and (D).

45. Plaintiff is informed and believes and thereon alleges that the acts and omissions to act by EMPLOYER and ARRIGHI constitute misuse, misappropriation and/or conversion from employee benefit plans within the meaning of 18 U.S.C. § 664 and breach of their fiduciary obligations within the meaning of 29 U.S.C. § 1104 through §1106.

46. Pursuant to § 409 of ERISA, 29 U.S.C. § 1109, ARRIGHI and EMPLOYER are personally liable to make good to the TRUST FUNDS any losses to them resulting from each such breach of their fiduciary duties, and to restore to the TRUST FUNDS any profits which have been made through their use of these assets of the TRUST FUNDS. Plaintiff seeks an accounting from EMPLOYER and ARRIGHI of the amount and disposition of these assets.

47. Plaintiff requests that it be awarded its costs and reasonable attorney's

-13-

317486.1

fees pursuant to § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), and such other remedies as may be available pursuant to ERISA §§ 409(a) and 502(a)(2), 29 U.S.C. §§ 1109(a) and 1132(a)(2).

## FOURTH CLAIM FOR RELIEF
## FOR MONETARY DAMAGES FOR BREACH
## OF SETTLEMENT AGREEMENT
## (AGAINST THE EMPLOYER AND ARRIGHI)

48. Plaintiff repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 28 above as if fully set forth herein.

49. The TRUST FUNDS and the EMPLOYER and ARRIGHI entered into a conditional settlement ("SETTLEMENT AGREEMENT") with respect to the amounts owed by EMPLOYER regarding amounts due on Monthly Reports by EMPLOYER submitted without full payment for time periods from October 2016 to January 2017 which totaled $7,516.46 as of April 3, 2017 ("CLAIM"). In and by the terms of the SETTLEMENT AGREEMENT, the TRUST FUNDS agreed to a payment arrangement with ARRIGHI and a related company of a judgment entered, conditional upon payment of the $7,516.46 due by EMPLOYER and compliance with certain conditions of the SETTLEMENT AGREEMENT.

50. Under the express terms of the SETTLEMENT AGREEMENT, the following constitutes a default and/or breach of the SETTLEMENT AGREEMENT by EMPLOYER and ARRIGHI: (1) failure to timely remit payment of the $7,516.46 as provided for by the terms of the SETTLEMENT AGREEMENT and (2) failure to comply with EMPLOYER'S obligations under the terms of the AGREEMENTS to timely submit Monthly Reports disclosing all of the hours worked by employees for which monthly Contributions are due with payment of the monthly Contributions due.

51. The EMPLOYER breached the SETTLEMENT AGREEMENT by

317486.1

1 failing to make the payment due under the provisions of the SETTLEMENT
2 AGREEMENT and by failing to timely submit Monthly Reports with full payment of
3 the amounts due for February 2017 and March 2017.

4     52. As a result of the EMPLOYER'S and ARRIGHI'S breach of the
5 SETTLEMENT AGREEMENT the conditions in the SETTLEMENT AGREEMENT
6 were not met and the SETTLEMENT AGREEMENT does not bar collection of any
7 unsatisfied amounts of that delinquency by any lawful means; therefore, under the
8 terms of the SETTLEMENT AGREEMENT, the full amount of the CLAIM, upon
9 breach, became immediately due and owing by the EMPLOYER and by ARRIGHI to
10 the TRUST FUNDS, plus interest at the TRUST FUNDS' plan rate(s) after April 3,
11 2017. The amount due by the EMPLOYER and ARRIGHI for their breach of the
12 SETTLEMENT AGREEMENT is $7,516.46 plus additional interest after April 3,
13 2017 at the plan rate(s), currently 6.5% per annum, which continues to accrue
14 thereafter at the plan rate(s) until fully paid. Any and all conditions to the
15 EMPLOYER's obligations under the Settlement Agreement to pay this amount have
16 been met.

17     53. Under the terms of the SETTLEMENT AGREEMENT, Plaintiff is
18 entitled to an award of its attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF
### AGAINST STATE CONTRACTORS LICENSE BOND
### (AGAINST STATE NATIONAL)

24     54. Plaintiff repeats and realleges and incorporates herein by reference each
25 and every allegation contained in paragraphs 1 through 28, as if fully set forth.
26     55. Pursuant to various provisions of the Business and Professions Code,
27 EMPLOYER obtained from STATE NATIONAL, bond number 04SS100058
28 ("BOND") and filed the BOND with the Registrar of the California State Contractors

-15-

317486.1

License Board in the penal sum as required by statute and in favor of the State of California.

56. TRUST FUNDS, as assignee of the various laborers' claims for recovery of the benefit portion of their wages, falls within the class or classes of claimants as set forth in California Business and Professions Code §§ 7071.5, 7071.10 and Civil Code § 8024(b), and is a beneficiary of the BOND.

57. Pursuant to the terms of its bonds, and provisions of California Business and Professions Code, STATE NATIONAL is responsible for paying up to the penal sum of said bonds to the TRUST FUNDS for the unpaid contribution owed on behalf of EMPLOYER'S employees.

WHEREFORE, the Plaintiff prays for judgment against Defendants as follows:

### FOR PLAINTIFF'S FIRST CLAIM FOR RELIEF

1. For the sum of at least $13,506.57, in delinquent fringe benefit contributions pursuant to the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(A).

2. For the sum of at least $4,121.56 in liquidated damages as required by the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(C);

3. For the sum of at least $281.49, in interest on the late paid or unpaid fringe benefit contributions, as required by the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(B), from the date the contributions became due; through April 25, 2017, plus additional accrued interest thereafter at the plan rate(s) per annum.

4. For any additional amounts including fringe benefits, liquidated damages, audit fees, fees/costs incurred by the TRUST FUNDS as a result of the submission of checks not honored by the bank upon which they were drawn, and amounts owed as a result work performed by any subcontractors of the EMPLOYER (or lower-tier subcontractors) determined to be due, plus interest at the plan rate(s) currently 6.50%

pursuant to the AGREEMENTS and 29 U.S.C. §§ 1132(g)(2) and 1145, according to proof at the time of trial and/or other hearing.

    5.    For $4,800.00 in audit fees as required by the AGREEMENTS and provided under 29 U.S.C. § 1132(g)(2)(E);

    6.    For reasonable attorneys' fees as required by the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(D);

    7.    For the costs of suit herein as required by the Agreements and 29 U.S.C. § 1132(g)(2)(D); and

    8.    For such other and further relief as the Court deems proper, including but not limited to the authority established by 29 U.S.C. §§ 1132(g)(2)(E) and 1132(a)(3).

## FOR PLAINTIFF'S SECOND CLAIM FOR RELIEF

    1.    That this Court issue the following preliminary and permanent prohibitory and mandatory injunctions against EMPLOYER, ARRIGHI, and its managing officers, agents, managing employees, successors, assigns, and all those in active concert or participation with EMPLOYER:

    1.1.    That EMPLOYER be ordered to deliver the following, or cause to be delivered, to the TRUST FUNDS' offices no later than 4:30 p.m., on the 20th day of each month for the duration of the AGREEMENTS:

    1.2.    A complete, truthful and accurate "Employers Monthly Report to Trustees" covering all employees which EMPLOYER employed who were covered by the AGREEMENTS commencing with EMPLOYER'S April 2017 report;

    1.3.    An affidavit or declaration from a responsible officer of EMPLOYER and/or ARRIGHI attesting from his or her own personal knowledge under pain of perjury to the completeness, truthfulness and accuracy of the Employers Monthly Report to the Trustees; and

    1.4.    A cashier's check made payable to the Southern California Laborers Trust Funds for the full amount of the fringe benefit contributions due on

317486.1

Employers Monthly Reports for each account for which a report is to be submitted.

  2. For reasonable attorney's fees;

  3. For costs of suit herein; and

  4. For such other and further relief as the Court deems proper and just.

### FOR PLAINTIFF'S THIRD CLAIM FOR RELIEF

  1. For an accounting of all assets of the TRUST FUNDS which have not been turned over to the TRUST FUNDS, and any profits derived by EMPLOYER and ARRIGHI therefrom;

  2. For personal liability of EMPLOYER and ARRIGHI for their breaches of fiduciary duty, pursuant to ERISA § 409(a), 29 U.S.C. § 1109(a);

  3. For reasonable attorneys' fees and costs of suit pursuant to § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1); and

  4. For such other and further relief as the Court deems proper and just, pursuant to ERISA §§ 409(a) and 502(a)(2), 29 U.S.C. §§ 1109(a) and 1132(a)(2).

### FOR PLAINTIFF'S FOURTH CLAIM FOR RELIEF

  1. For $7,516.46 pursuant to the SETTLEMENT AGREEMENT and applicable law, including but not limited to California Civil Code § 3302;

  2. For an additional in accrued interest at the TRUST FUNDS' plan rate(s) per annum after April 3, 2017, pursuant to terms of the SETTLEMENT AGREEMENT and applicable law, including but not limited to California Civil Code §§ 3287, 3289 and 3302.

  3. For attorneys' fees and costs of collection, pursuant to the SETTLEMENT AGREEMENT and applicable law, including but not limited to California Civil Procedure Code § 1032(b) and California Civil Code § 1717.

  4. For such other relief that this Court deems appropriate, pursuant to any authority of the Court, including, but not limited to, the authority established by

317486.1

29 U.S.C. §§ 1132(g)(2)(E) and 1132 (a)(3)(B).

### FOR PLAINTIFF'S FIFTH CLAIM FOR RELIEF

1. For at least $4,000.00 from STATE NATIONAL on its BOND, plus interest at the legal rate per annum from the date contributions became due;

2. For the costs of suit herein;

3. For reasonable attorneys' fees;

4. For such other and further relief as the Court deems just and proper.

DATED: May 1, 2017

ALEXANDER B. CVITAN,
MARSHA M. HAMASAKI, and
PETER A. HUTCHINSON, Members of
REICH, ADELL & CVITAN
A Professional Law Corporation


By:  /s/ Marsha M. Hamasaki
       MARSHA M. HAMASAKI
       Attorneys for Plaintiff

317486.1