Case No.: SACV 17-770-JLS (DFMx)            Date: December 18, 2017

Title: Construction Laborers Trust Funds for Southern California Administrative Company v. Black Diamond Contracting Group, Inc., et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                            Not Present

**PROCEEDINGS:** **(IN CHAMBERS) ORDER (1) GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND (2) GRANTING PLAINTIFF'S MOTION FOR PERMANENT INJUNCTIVE RELIEF (Doc. 35)**

      Before the Court is Plaintiff's unopposed Motion for Default Several Judgment and for Order for Permanent Injunctive Relief against Defendant Black Diamond Contracting Group, Inc.[1] (Mot., Doc. 35.) The Court ordered supplemental briefing regarding Plaintiff's calculations on November 8, 2017, and Plaintiff submitted this supplemental briefing on November 15, 2017. (Order re: supp'l briefing, Doc. 49; Supp'l Brief, Doc. 51.) The Court then ordered supplemental briefing regarding the remaining

---

[1] Plaintiff is Construction Laborers Trust Funds for Southern California Administrative Company. The case was brought against Defendants Black Diamond Contracting Group, Inc.; David W. Arrighi; and State National Insurance Company, Inc. The claim against David W. Arrighi had been stayed due to bankruptcy at the time of Plaintiff's Motion for Default Judgment, but the bankruptcy was subsequently dismissed and the stay lifted. (Notice of Bankruptcy, Doc. 31; Notice of Dismissal of Bankruptcy, Doc. 40 .) Plaintiff voluntarily dismissed its claims against State National Insurance Company, Inc. (Notice of Dismissal, Doc. 33.) The motion for default applies only to Black Diamond Contracting Group, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 17-770-JLS (DFMx)                            Date: December 18, 2017
Title: Construction Laborers Trust Funds for Southern California Administrative Company v. Black Diamond Contracting Group, Inc., et al.

claims against Defendant Arrighi, which Plaintiff filed on December 7, 2017. (Order re: supp'l briefing on Rule 54(b), Doc. 52; Plaintiff's Response, Doc. 43.) Having read and considered the papers and having taken the matter under submission, the Court GRANTS the Motion.

## I.     BACKGROUND

Plaintiff is a fiduciary administrator, agency, and assignee of several express trusts[2] which exist pursuant to Section 302 of the Labor-Management Relations Act of 1947. (FAC ¶ 3, Doc. 12.) The trusts are also employee benefit plans within the meaning of Section 3 of ERISA (*id.*) and are subject to Collective Bargaining Agreements setting forth the terms and conditions of Defendant's benefit payments to the trusts. (*Id.* ¶¶ 13-14.)

The Collective Bargaining Agreements require Defendant to make fringe benefit contributions for each hour the employees performed services in accordance with those Agreements. (*Id.* ¶ 15.) To determine the proper amount of fringe benefits, Defendant is required to submit monthly reports detailing the name, address, social security number, and hours worked that month for each employee. (*Id.* ¶ 16.) If the Defendant fails to pay fringe benefits in a timely manner, the Collective Bargaining Agreements require the payment of liquidated damages." (*Id.* ¶ 17.) Finally, the Collective Bargaining Agreements require the payment of interest on any delinquent contributions. (*Id.* ¶ 19.)

---

[2] The trusts include the Laborers Health and Welfare Trust Fund for Southern California, Construction Laborers Pension Trust for Southern California, Construction Laborers Vacation Trust for Southern California, Laborers Training and Re-Training Trust for Southern California, Fund for Construction Industry Advancement, Center for Contract Compliance, Laborers Contract Administration Trust Fund for Southern California, Laborers' Trusts Administrative Trust Fund for Southern California, and Southern California Partnership for Jobs Trust Fund. (FAC ¶ 3.)

Case No.: SACV 17-770-JLS (DFMx)                                    Date:  December 18, 2017
Title: Construction Laborers Trust Funds for Southern California Administrative Company v. Black Diamond Contracting Group, Inc., et al.

    Plaintiff alleges that between February 2016 and March 2016, Defendant failed to submit all of its required monthly contribution reports and therefore did not submit appropriate payments in accordance with the Agreements.  (*Id*. ¶¶ 31.)  Prior to filing this lawsuit, the trust funds and Defendant entered into a settlement agreement for payment of delinquent amounts between October 2016 and January 2017, including interest.  (*Id*. ¶ 49.)  Plaintiff alleges that Defendant breached the settlement agreement by not paying the delinquent amounts.  *(Id*. ¶¶ 50-53.)

    After Defendant failed to pay the amounts agreed upon pursuant to the terms of the Settlement Agreement, Plaintiff brought this lawsuit.  Plaintiff brought three claims for money damages against Defendant in its First Amended Complaint: (1) failure to pay fringe benefits and associated damages pursuant to Section 515 of ERISA; (2) damages for breach of fiduciary duties pursuant to section 409 of ERISA; and (3) breach of settlement agreement covering unpaid benefits and damages for the period between October 2016 and January 2017.  (FAC ¶¶ 12-28, 35-53.)

    On June 28, 2017, the Clerk entered default against Defendant.  (Default by Clerk, Doc. 28.)  Plaintiff now moves for default judgment.  (Mot.)  In its supplemental briefing, Plaintiff requests damages reflecting unpaid fringe benefits and associated penalties through August 2017.  (Supp. Briefing at 3-4.)

## II.    LEGAL STANDARD

    Under Rule 55 of the Federal Rules of Civil Procedure, entering a default judgment is a two-step process. *See* Fed. R. Civ. P. 55; *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  Prior to entry of a default judgment, there must be an entry of a default.  *See* Fed. R. Civ. P. 55.  Upon entry of a default, the factual allegations of the complaint, save for those concerning damages, are deemed to have been admitted by the defaulting party.  Fed. R. Civ. P. 8(b)(6); *see Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).  Allegations regarding damages are not taken as true and must be independently proven.  *See Geddes*, 559 F.2d at 560.  In addition, "a defendant is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  SACV 17-770-JLS (DFMx)                              Date:  December 18, 2017
Title:  Construction Laborers Trust Funds for Southern California Administrative Company v.
    Black Diamond Contracting Group, Inc., et al.

held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, No. C 07-4762 PJH (JCS), 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of North Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). "[I]t follows from this that facts . . . not established by the pleadings of the prevailing party, or claims . . . not well-pleaded, are not binding and cannot support a judgment." *Danning*, 572 F.2d at 1388.

A district court has discretion to grant or deny a motion for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has set forth seven factors to be considered by courts in reviewing a motion for default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471-72.

### III.   DISCUSSION

#### A. Plaintiff has satisfied Local Rule 55-1

Plaintiff's Motion satisfies Local Rule 55-1. *See* C.D. Cal. R. 55-1. Plaintiff includes a declaration supporting its Motion stating: (1) that default was entered against Defendant on June 28, 2017 for failure to plead or otherwise respond to the First Amended Complaint; (2) that Defendant is not an infant or an incompetent person; and (3) that the Servicemembers Civil Relief Act does not apply. (Hamasaki Decl. ¶¶ 5-7, Doc. 38.) Because Defendant has not appeared in this case, service of the Motion is not required. C.D. Cal. R. 55-1. Nevertheless, Plaintiff served Defendant with notice of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 17-770-JLS (DFMx)                                     Date: December 18, 2017
Title: Construction Laborers Trust Funds for Southern California Administrative Company v.
     Black Diamond Contracting Group, Inc., et al.

Motion. (Mot. Proof of Service, Doc. 39.) The Court therefore finds that the requirements of Local Rule 55-1 have been satisfied.

### B. *Eitel* Factors
#### 1. Prejudice to the Plaintiff

"The first *Eitel* factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010). Prejudice can be shown if denying default judgment would leave a plaintiff without a remedy. *Id*. Absent entry of judgment, Plaintiff will not be able to obtain the relief to which it is entitled. Thus, this factor weighs in favor of default judgment.

#### 2. Merits of Claims and Sufficiency of Complaint

The next two factors look at Plaintiff's likelihood of success on the merits, requiring it to "state a claim on which [it] may recover." *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (internal citation omitted). "In considering the sufficiency of the complaint and the merits of the plaintiff's substantive claims, facts alleged in the complaint not relating to damages are deemed to be true upon default." *Bd. of Trs. Of Sheet Metal Workers v. Moak*, No. C 11-4620 CW, 2012 WL 5379565, at *2 (N.D. Cal. Oct. 31, 2012) (citing *Geddes*, 559 F.2d at 560; Fed. R. Civ. P. 8(d)). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cathcart*, 2010 WL 1048829, at *4. Moreover, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps*, 980 F.2d at 1267 (citing *Danning*, 572 F.2d at 1388).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 17-770-JLS (DFMx)                                    Date:  December 18, 2017
Title:  Construction Laborers Trust Funds for Southern California Administrative Company v.
  Black Diamond Contracting Group, Inc., et al.

Here, Plaintiff moves for default judgment under ERISA.[3]  (Mot.)  Section 515 of ERISA provides that [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."  29 U.S.C. § 1145.  Plaintiff brings its claims pursuant to Section 502(g) of ERISA, which authorizes fiduciaries of ERISA employee benefit funds to bring suit to enforce employers' duties to make contributions to those funds.  29 U.S.C. § 1132(g)(2).

The Court finds that Plaintiff has sufficiently pleaded and established a likelihood of success on its ERISA claim.  Plaintiff pleads that it is the fiduciary administrator of the trust funds created and maintained pursuant to Section 302 of the LMRA.  (FAC ¶¶ 1-3.)  Defendant, as an employer, was required to fulfill its obligations under the Labor Agreement to make fringe benefit contributions to those plans.  Plaintiff refers to, and includes as exhibits to the Motion for Default Judgment, a copy of the Labor Agreements which contain the specific provisions requiring Defendant to make contributions to the trust fund.  (Higa Decl. Ex. 1 §§ XIX-XXV, Doc. 38.)  Each month's contribution is calculated based on the number of hours worked by covered employees.  (*Id*.; FAC at 15.)  Plaintiff pleads that Defendant failed to make its required contributions during the period from February 2016 through March 2017.  (FAC ¶ 25.)

The Court finds these allegations sufficient to establish a likelihood of success on Plaintiff's ERISA claim against Defendant.

---

[3] Plaintiff brought three claims for money damages against Defendant in its First Amended Complaint: (1) failure to pay fringe benefits and associated damages pursuant to Section 515 of ERISA; (2) damages for breach of fiduciary duties pursuant to section 409 of ERISA; and (3) breach of settlement agreement covering unpaid benefits and damages for the period between October 2016 and January 2017.  Upon its review of the Motion, the Court concludes that awarding monetary relief for each of these claims would be duplicative.  Moreover, Plaintiff's arguments in its Motion clearly implicate only its first claim, under Section 515 of ERISA.  The Court therefore analyzes the Motion and awards damages as to this claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  SACV 17-770-JLS (DFMx)                                Date:  December 18, 2017
Title:  Construction Laborers Trust Funds for Southern California Administrative Company v.
  Black Diamond Contracting Group, Inc., et al.

### 3.  Amount of Money at Issue

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  *PepsiCo*, 238 F. Supp. 2d at 1176.  "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct."  *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014) (citation omitted).  Plaintiff requests $57,654.15 in unpaid contributions and damages, interest in the sum of $1,217.76, attorneys' fees in the amount of $3,704.53, and court costs of $548.80 for a total of $63,125.24.  The total reflects a period between February 2016 and August 2017.  This total amount is neither too large nor unreasonable in relation to Defendant's conduct.  *See, e.g.*, *U.A. Local No. 467 Pension Trust Fund v. Hydra Ventures Inc.*, No. C-12-3746 EMC, 2013 WL 1007311, at *7 (N.D. Cal. Mar. 13, 2013) (seeking a total of $60,584.51 where Defendant failed to make required contributions between December 2010 and March 2011); *Tragni v. Manzanares*, No. CV 11-01173 EJD, 2011 WL 3740739, at *1–2 (N.D. Cal. Aug. 23, 2011) (seeking a total of $94,858.81 where Defendant failed to make required contributions between September 2010 through March 2011); *see also Pension Plan for Pension Trust Fund for Operating Eng'rs v. J & K Sweeping*, No. C 14-1179 CW, 2014 WL 4626008, at *6 (N.D. Cal. Sept. 15, 2014) ("[S]o long as the amount is reasonable, properly documented, and contractually justified, default judgment is warranted.").

Accordingly, the Court concludes that the amount of money requested does not weigh against default judgment.

### 4.  The Possibility of a Dispute Concerning Materials Facts

"The fifth *Eitel* factor examines the likelihood of disputes between the parties regarding the material facts surrounding the case."  *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1060 (N.D. Cal. 2010).  "Where a plaintiff has filed a well-pleaded

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 17-770-JLS (DFMx)                          Date: December 18, 2017
Title: Construction Laborers Trust Funds for Southern California Administrative Company v. Black Diamond Contracting Group, Inc., et al.

complaint, the possibility of dispute concerning material facts is remote." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d, 1082 (C.D. Cal. 2012) (citing *Landstar Ranger*, 725 F. sup. 2d at 921-22). As discussed above, Plaintiff's claim is well pleaded. Thus, a dispute concerning material facts is unlikely, and this factor weighs in favor of default judgment.

### 5. The Possibility of Excusable Neglect

"The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect." *Pepsico*, 238 F. Supp. 2d at 1177. This factor favors a default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit. *Id.* (concluding that this factor favored default judgment where Defendant was properly served and contacted Plaintiffs' counsel to discuss the matter); *Craiglist*, 694 F. Supp. 2d at 1061 ("Plaintiff has proffered evidence showing Defendants were clearly aware of the pending litigation." Defendant was served with the Summons and Complaint on May 24, 2017 (Compl. Proof of Service, Doc. 19.) However, Defendant has failed to answer or otherwise defend this action. Moreover, defendant David William Arrighi, who is alleged to be the Chief Executive Officer of Defendant, answered the Complaint; this implies that Defendant was aware of the matter. (FAC ¶ 5; Arrighi Answer, Doc. 24.) The possibility of excusable neglect is therefore unlikely. Thus, this factor weighs in favor of entering default judgment.

### 6. Policy Favoring Decisions on the Merits

"The final *Eitel* factor examines whether the strong policy favoring deciding cases on the merits prevents a court from entering a default judgment." *Craiglist*, 694 F. Supp. 2d at 1061. Although "[c]ases should be decided on their merits whenever reasonably possible," *Eitel*, 782 F.2d. at 1472, "[u]nder Fed. R. Civ. P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action."

___
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 17-770-JLS (DFMx)                         Date: December 18, 2017
Title: Construction Laborers Trust Funds for Southern California Administrative Company v.
      Black Diamond Contracting Group, Inc., et al.
___

*PepsiCo*, 1177. Notwithstanding the strong policy presumption in favor of a decision on the merits, where a defendant's failure to appear and respond "makes a decision on the merits impractical, if not impossible," default judgment is appropriate. *Id.* In this case, Defendant has failed to appear and respond. This factor therefore does not weigh against entering default judgment.

### 7. Conclusion as to the *Eitel* Factors

In sum, the *Eitel* factors weigh in favor of the entry of default judgment on Plaintiff's ERISA claims. Accordingly, for the reasons stated above, the Court GRANTS Plaintiff's Motion as to Defendant's liability.

Pursuant to Federal Rule of Civil Procedure 54(b), the Court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties" when "an action presents more than one claim for relief . . . or when multiple parties are involved," provided that "the court expressly determines that there is no just reason for delay." In this matter, the Court enters default judgment and awards monetary damages as to Count One, and equitable damages against Defendant Black Diamond Contracting Group, Inc. as to Count Two. There remain claims pending against Defendant Arrighi, for both monetary and equitable relief. As noted by the Court, it enters default judgment pursuant to Count One of the complaint for violation of section 515 of ERISA. Plaintiff states that it intends to pursue its claim for breach of fiduciary duty, Count Three, against Defendant Arrighi.

The Court concludes that there is no just reason for delay in entering final judgment as to Defendant Black Diamond Contracting Group, Inc. Entering this judgment will facilitate Plaintiff's recovery, and the Court finds no reason to delay such recovery. Plaintiff has shown that it would be prejudiced absent entry of judgment, both in the delay of collection of funds from Defendant Black Diamond and in the continuing injury of inaccuracies in reporting and contributions. (Supp'l Brief on Rule 54(b), Doc. 53 at 3.) *See also Bd. of Directors of the Motion Picture Indus. Pension Plan v. S&L*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 17-770-JLS (DFMx)                                   Date: December 18, 2017
Title: Construction Laborers Trust Funds for Southern California Administrative Company v.
   Black Diamond Contracting Group, Inc., et al.

*Tramondo, Inc.*, No. CV 16-3683-RSWL-KS, 2016 WL 6781094, at *9 (C.D. Cal. Nov. 16, 2016) (granting default judgment as to fewer than all defendants where Plaintiffs showed a "pressing need" for default.)

Moreover, the Court concludes that Count Four, for breach of settlement agreement, would result in relief that is duplicative of relief awarded here for Count One. Accordingly, the only claims that remain are Count Two for injunctive relief and Count Three for breach of fiduciary duty against Defendant Arrighi. The Court does not decide the merits of these claims against Defendant Arrighi in this Order, and therefore concludes that Defendant Arrighi will not be unduly prejudiced by entry of default against Defendant Black Diamond.

Accordingly, the Court will enter default against Defendant Black Diamond as to Counts One and Two dismiss all remaining claims against Defendant Black Diamond.

## IV.  **REMEDIES**

Having found that Plaintiff is entitled to the entry of default judgment, the Court addresses Plaintiff's requested remedies. Allegations regarding damages are not taken as true and must be independently proven. *See Geddes*, 559 F.2d at 560. Plaintiffs request $57,654.15 in unpaid contributions and associated damages, $1,217.76 in interest, and $4,253.33 in attorneys' fees and costs, for a total of $63,125.24. (Higa Supp. Decl. ¶ 13, Doc. 51.) Section 502(g)(2) of ERISA provides that a fiduciary of an ERISA plan who files an action against an employer for failure to make required contributions and obtains a judgment in its favor may recover: (A) unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of—(i) interest on the unpaid contributions, or (ii) liquidated damages . . . [and] (D) reasonable attorneys' fees and costs." 29 U.S.C. § 1132(g)(2).

Plaintiff also requests injunctive relief in the form of a permanent injunction for Defendant to file "complete, truthful, and accurate 'Employers Monthly Report[s] to Trustees'" for the duration of the collective bargaining agreement. (Proposed Default

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 17-770-JLS (DFMx)                                        Date: December 18, 2017
Title: Construction Laborers Trust Funds for Southern California Administrative Company v.
       Black Diamond Contracting Group, Inc., et al.

Judgment, Doc. 35-1.) Section 502(a)(3) of ERISA authorizes such injunctive relief, providing that a civil action may be brought "by a . . . fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of . . . the terms of the plan." 29 U.S.C. § 1132(a)(3).

### A. Unpaid Contributions, Interest, and Statutory Penalties

Plaintiff requests $57,654.15 in unpaid contributions and damages, representing $42,629.99 in unpaid fringe benefits, $10,154.16 in liquidated damages, $4,800.00 in audit fees, and $70.00 in bad check fees. (Higa Supp. Decl. ¶ 13.) This amount reflects the Defendant's failure to make contributions between February 2016 and August 2017. A plaintiff may recover delinquent amounts discovered after suit was filed when "the following three requirements are satisfied: (1) the employers must be delinquent at the time the action is filed; (2) the district court must enter a judgment against the employer; and (3) the plan must provide for such an award." *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996) (citations omitted). The first two requirements are met; the Court, in considering a motion for default judgment, takes Plaintiff's factual allegations as true, and Plaintiff's pleaded Defendants' delinquency in their complaint. (*See*, *e.g.*, FAC ¶¶ 12-22.) Moreover, the clerk entered default on June 28, 2017, and the Court in this order finds that default judgment against employer is appropriate. (Default by Clerk, Doc. 28.) Finally, the Agreements provide for collection of delinquent amounts, including liquidated damages and interest, until "such payment and all attendant interest and liquidated damages are actually received by the fund." (Higa Supp. Decl. Ex. 2, Doc. 51-1 at 6.) Accordingly, the Court finds it appropriate to award damages through August 2017, the latest month for which Plaintiff has records.

Yvonna Higa, the Collection Supervisor for Plaintiff, explained and calculated the deficiencies in a total of nearly 40 job billings with incorrect rates of contributions. (Higa Decl. ¶ 20.) The report also shows the calculations for the amount of contributions due

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 17-770-JLS (DFMx)                        Date: December 18, 2017
Title: Construction Laborers Trust Funds for Southern California Administrative Company v. Black Diamond Contracting Group, Inc., et al.

for each month. (*Id*. Exs. 6-9.) The Court finds the evidence adequately supports an award of $42,629.99 in unpaid contributions.

       Higa also outlines the calculation rate for liquidated damages, which are set by the Collective Bargaining Agreements as the greater of $25 or 20% of the delinquent Monthly Contributions.[4] (Higa Decl. Ex. 1 at 17.) These damages are consistent with Section 502(g)(2) of ERISA, which allows for an award of unpaid contributions, interest thereon, and the greater of interest or "liquidated damages provided for under the plan in an amount not in excess of 20 percent." 29 U.S.C. § 1132(g)(2). Higa further explained that, although $10,154.16 in liquidated damages represents nearly 24 percent of the requested $42,629.99 in unpaid fringe benefits, the discrepancy is because some payments have been credited against both the unpaid fringe benefits and liquidated damages, and the credits are disproportionate to the total amounts due. (Higa Supp. Decl. ¶¶ 6-10.) Looking to the pre-credited amounts, the Court concludes that the calculation of liquidated damages proportionate to the unpaid fringe benefits is in accordance with the allowable percentages contemplated by both ERISA and the Agreements. The Court finds the evidence adequately supports an award of $10,154.16 in liquidated damages, $4,800.00 in audit fees and $70.00 in bad check fees. (*Id*.)

       Finally, Plaintiff requests $1,217.76 in interest. This is based on the rate set forth in the agreements as five percent above the variable prime rate set by the Federal Reserve Board of San Francisco, California. (Higa Decl. ¶ 12; Ex. 2.) Plaintiff sets forth its calculations, using variable interest, rates, in a spreadsheet that takes into account the fluctuations between February 2016 and March 2017. (Higa Decl. Ex. 5.2.) Upon reviewing the calculations, the Court finds that an award of $1,217.76 is adequately supported.

---

[4] One fund, the Laborers Contract Administration Trust Fund for Southern California (CAF), assesses liquidated damages at the rate of the greater of $20 or 10% of unpaid contributions, and the calculations for this fund reflect that difference.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 17-770-JLS (DFMx)                                    Date: December 18, 2017
Title: Construction Laborers Trust Funds for Southern California Administrative Company v. Black Diamond Contracting Group, Inc., et al.

Accordingly, the Court finds that an award of $42,629.99 in unpaid contributions, $10,154.16 in liquidated damages, $4,800.00 in audit fees, $70.00 in bad check fees, and $1,217.76 in interest is appropriate. The total amount awarded is $58,871.91.

### B. Attorney's Fees and Costs

Local Rule 55-3 provides that when a default judgment is entered and an applicable statute provides for the recovery of reasonable attorneys' fees, those fees shall be calculated according to an enumerated schedule based on the amount of judgment. C.D. Cal. F 55-3. For a judgment between $50,000.01 and $100,000, the corresponding attorneys' fees are $3,600 plus 4% of the amount over $50,000. *Id*. Here, that formula would result in an award of $3,954.88 in attorneys' fees ($3,600 plus 4% of $8,871.91). However, Plaintiff requests attorneys' fees in the amount of $3,704.53 by applying the Rule 55-3 formula using only the amount of unpaid contributions as the amount of the judgment requested in its original briefing. (Hamasaki Decl. ¶ 18.) Although it is atypical for a party to request less than they may be entitled to in fees, the Court finds no reason to deny such a request here. Accordingly, the Court awards Plaintiffs their requested amount of $3,704.53.

The Court also concludes that an award of litigation costs is appropriate. In accordance with Local Rule 54-3, Plaintiff must submit a "Bill of Costs" and an "Application to the Clerk to Tax Costs" to recover any eligible litigation costs in this action. *See* C.D. Cal. R. 54-2, 54-2.1.

### C. Permanent Injunction

"[A] plaintiff seeking a permanent injunction must demonstrate (1) that it has suffered irreparable injury; (2) that there is no adequate remedy at law; (3) 'that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted'; and (4) that it is the public's interest to issue the injunction."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 17-770-JLS (DFMx)                                    Date: December 18, 2017
Title: Construction Laborers Trust Funds for Southern California Administrative Company v. Black Diamond Contracting Group, Inc., et al.

*Sennheiser Elec. Corp. v. Eichler*, No. CV 12-10809 MMM (PLAx), 2013 WL 3811775, at *9 (C.D. Cal. Jul. 19, 2013) (citing *eBay v. MercExchange, LLC*, 547 U.S. 338, 391 (2006). Courts have issued permanent injunctions in ERISA cases where "(1) there is a threat plaintiffs will suffer irreparable injury for which there is no adequate remedy at law; (2) the injury contemplated is actual and not prospective; and (3) issuance of an injunction does not offend public policy." *Carpenters Southwest Admin. Corp. v. Unger Concrete Structures, LLC*, No. CV 08-00995-MMM, 2006 WL 10672403 at *6 (C.D. Cal. June 17, 2009) (citing *Laborers Fringe Benefit Funds Detroit & Vicinity v. Northwest Concrete & Constr., Inc.*, 640 F.2d 1350, 1353 (6th Cir. 1981)).

  Plaintiff argues that Defendant has repeatedly failed to submit correct monthly contribution reports "to avoid having to pay the higher rate of contribution owed under prevailing wage laws." (Mot. at 16.) Moreover, counsel for Plaintiff explains that Defendant has previously had default judgment entered against it for the same issue of incorrect monthly reports and delinquent payments. (Hamasaki Decl. ¶ 13.)

  In *Northwest Concrete*, the court issued an injunction where defendants showed "persistent contempt for the judicial process," noting that when "employers scorn their responsibilities under our labor laws and ignore the mandate of our courts," a permanent injunction is appropriate. 640 F.2d at 1353.

  Here, Plaintiff has demonstrated that it will suffer irreparable injury for which there is no adequate remedy at law absent an injunction. Defendant's repeated failure to submit timely contribution reports and pay contributions due under the trust agreement causes the fund to "los[e] investment opportunities" and "diminishes benefit payments to tens of thousands of Laborers. (Mot. at 17.) Like in *Unger Concrete*, Plaintiff argues that "absent an injunction, the plaintiff trusts will be force to incur repeated administrative and litigation costs attempting to collect the monies due." 2009 WL 10672409 at *7. Moreover, Plaintiff has demonstrated that a permanent injunction would serve the public interest, and be consistent with public policy, because it would promote compliance with prevailing wage laws. (Mot. at 17.) Accordingly, the Court concludes that the plaintiffs are entitled to injunctive relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.:  SACV 17-770-JLS (DFMx)                                      Date:  December 18, 2017
Title:  Construction Laborers Trust Funds for Southern California Administrative Company v.
    Black Diamond Contracting Group, Inc., et al.

## V. **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Default Judgment is GRANTED. The Court GRANTS an award of $42,629.99 in unpaid contributions; $10,154.16 in liquidated damages; $4,800.00 in audit fees; $70.00 in bad check fees; $1,217.76 in interest; attorneys' fees in the amount of $3,704.53; and eligible litigation costs under Local Rule 54-3.  The Court further GRANTS injunctive relief.

The Court shall enter the concurrently filed judgment forthwith.

Initials of Preparer:  tg